UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>JOSEPH SAM, also known as JOSEPH EARLYSTAR CLARK,<br><br>        Defendant,<br><br>   v.<br><br>UPPER SKAGIT INDIAN TRIBE,<br><br>        Garnishee-Defendant. | CASE NO. 2:23-mc-00074-LK<br><br>ORDER DENYING REQUEST FOR HEARING |

    This matter comes before the Court on Defendant Joseph Sam's request for a hearing. Dkt. No. 14. Mr. Sam contends that the Government did not comply with statutory requirements when it moved the Court to issue a writ of continuing garnishment to garnish property due and owing to Mr. Sam from garnishee Upper Skagit Indian Tribe. *Id.* at 1. Having considered the submissions of the parties and the relevant law, the Court DENIES Mr. Sam's request for hearing.

ORDER DENYING REQUEST FOR HEARING - 1

## I. BACKGROUND

On October 13, 2023, the Court granted the Government's Second Amended Application for Writ of Continuing Garnishment to garnish property due and owing to Mr. Sam from the Upper Skagit Indian Tribe. Dkt. No. 9 at 1–2. The Government served Mr. Sam with that application, the order, and other relevant documents on December 29, 2023. Dkt. No. 13 at 1.

On January 22, 2024, Mr. Sam filed a request for a telephonic hearing, contending that the Government has not complied with the statutory requirements for the issuance of the writ of continuing garnishment. Dkt. No. 14 at 1. Specifically, Mr. Sam states that he has (with one exception) made payments in accordance with the payment plan set forth for him in the judgment in his criminal case. *Id.*; *see also* Dkt. No. 8-1 at 10 (showing timely payments). In other words, Mr. Sam appears to argue that the Government's attempted garnishment is inconsistent with his payment plan. *See* Dkt. No. 8-1 at 9 (providing that payment of criminal monetary penalties is "due immediately," and that during Mr. Sam's period of imprisonment, any unpaid amount shall be paid in the amount of "no less than 25% of [his] gross monthly income or $25.00 per quarter, whichever is greater").

On January 30, 2024, the Court ordered the Government to respond to Mr. Sam's request for hearing. Dkt. No. 15 at 2. The Government timely responded on February 5, 2024, stating that "Mr. Sam has not invoked a valid basis for his objection, his objection lacks merit, and the Court should overrule the objection without setting a hearing." Dkt. No. 16 at 2. The Government also indicated that it "seeks to enforce Mr. Sam's restitution obligation by garnishing his tribal per capita distributions from the Upper Skagit Indian Tribe[.]" *Id.* at 1.

## II. DISCUSSION

A judgment debtor may contest garnishment proceedings prior to the garnishee's answer by filing a request for a hearing under 28 U.S.C. § 3202(d). Where the underlying judgment was

not by default, a judgment debtor can only obtain relief from garnishment on two bases: (1) a valid claim of exemption or (2) the Government's failure to comply with the statutory requirements for the garnishment process. *Id.* § 3202(d)(1)–(2). A judgment debtor is not entitled to a hearing where he fails to object on one of these two bases. *See, e.g.*, *United States v. Beebe*, No. C18-78-TSZ, 2018 WL 571763, at *2 (W.D. Wash. Jan. 26, 2018) (denying defendant's request for hearing because "[d]efendant d[id] not raise any of the issues enumerated in 28 U.S.C. § 3202(d) sufficient to warrant a hearing").

Mr. Sam requests a hearing solely on the basis that the Government failed to comply with the statutory requirements for the garnishment process. *See* Dkt. No. 14 at 1. Mr. Sam specifically contends that the Government's attempted garnishment is inconsistent with his payment schedule. *See* Dkt. No. 8-1 at 9. Mr. Sam's argument fails on two grounds.

First, the Government's garnishment of his tribal per capita distributions from the Upper Skagit Indian Tribe is not inconsistent with his payment plan. As the Government observes, the payment schedule "sets a floor, not a ceiling" for Mr. Sam's restitution payments and does not limit the Government's ability to recover more by garnishing his tribal per capita payments. *See* Dkt. No. 16 at 2. "Courts have almost uniformly recognized a 'crucial distinction' between cases . . . in which the court orders the defendant to pay only through a payment schedule with no requirement of immediate payment in full, and cases," like Mr. Sam's, "in which the judgment specifies that the amount owed is due in full on the date of judgment, regardless of whether the judgment includes a back-up schedule of payments to cover any unpaid amounts." *United States v. Williams*, 898 F.3d 1052, 1055 (10th Cir. 2018)); *see also* Dkt. No. 8-1 at 9 (providing that payment of the total criminal monetary penalties is due immediately, with a back-up schedule for "[a]ny unpaid amount"). In the latter scenario, the schedule of payments does not bar the Government's ability to institute civil collections proceedings. *See United States v. Behrens*, 656

F. App'x 789, 790 (8th Cir. 2016); *United States v. Shusterman*, 331 F. App'x 994, 996–97 (3d Cir. 2009).

Second, Mr. Sam does not support his claim that the Government failed to comply with any statutory requirement for issuance of the writ of garnishment. Mr. Sam does not identify—nor does the Court discern—any non-compliance with the statutory requirements for issuance of a writ of garnishment.[1]

Mr. Sam has raised no cognizable objections that may be considered at a hearing on the writ of continuing garnishment. *See* 28 U.S.C. § 3202(d)(1)–(2) ("The issues at [a non-default judgment] hearing shall be limited [ ] (1) to the probable validity of any claim or exemption by the judgment debtor; [and] (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted[.]"); *United States v. Pugh*, 75 F. App'x 546, 547 (8th Cir. 2003) (per curiam) (limiting hearing concerning enforcement of judgment to circumstances where debtor has claimed probable validity of exemption or challenged compliance with statutory requirements). The Court therefore declines to set a hearing.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Sam's request for hearing. Dkt. No. 14.

Dated this 9th day of February, 2024.

Lauren King
United States District Judge

---

[1] The Court notes that the property that the Government seeks to garnish—per capita distributions from the Upper Skagit Indian Tribe—does not constitute "disposable earnings" under the Consumer Credit Protection Act, 15 U.S.C. § 1673(a)(1), because such distributions are not "compensation paid or payable for personal services," *id.* § 1672(a). Therefore, the distributions are not subject to the 25 percent maximum allowable garnishment limitation under 18 U.S.C. § 3613(a)(3). *See Kokoszka v. Belford*, 417 U.S. 642, 651–52 (1974).